550

HENRY N. SCHRAGE, PLAINTIFF, v. MILTON J. LIEBSTEIN, IND. AND T/A UNITED RUBBER MACHINERY EXCHANGE, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided March 30, 1951.

*Messrs. Budd & Larner* (*Mr. John J. Budd* appearing), attorneys for plaintiff.

*Messrs. Mayer & Mayer* (*Mr. Phil O. Mayer* appearing), attorneys for defendant.

WILLIAM A. SMITH, J. S. C. This action was tried before me on February 5, and 6, 1951, and resulted in a verdict in favor of the plaintiff for $3,467.73. The defendant moved for a new trial, and the matter has been submitted to the court on briefs after argument.

It is undisputed that on or about August 29, 1946, the plaintiff purchased from the defendant two machines: a Royal No. 2 Perfected Tubing Machine for $1,900 and a Briggs Horizontal Vulcanizer for $1,300. There was a dispute whether the particular machines were allocated to the plaintiff so that title to them passed to the plaintiff from the defendant. The plaintiff's contention was that the Royal

machine was actually inspected by him at the defendant's place of business and that that was the machine he purchased. The other machine was owned by the defendant, but was in Indiana and was to be shipped to the defendant's place of business, and it was the plaintiff's contention that this particular machine was the one he purchased. One of the issues submitted to the jury and resolved in favor of the plaintiff was whether the plaintiff purchased these two machines so that title passed to him.

The plaintiff, after paying part of the purchase price of the two machines, paid the balance and alleged that the defendant agreed to hold these particular machines until such time as the plaintiff required their delivery. This issue was also submitted to the jury and resolved in favor of the plaintiff.

When the plaintiff asked for possession of the particular machines, it appeared that the defendant had disposed of them, and there were negotiations between the parties for the substitution of other different machines for the ones which the plaintiff claimed to have purchased. These negotiations never resulted in a meeting of the minds of the parties, and the plaintiff finally brought suit against the defendant for conversion of the two machines.

At the pretrial permission was given to add an additional cause of action for rescission. At the trial the plaintiff failed to prove a specific demand for the machines, and the court held that there could be no recovery under the action for conversion as the demand was a necessary part of the cause of action. The plaintiff contended that it was not necessary to prove the demand as it was useless, since the defendant had already disposed of the machines and could not get them back. The court, however, overruled this contention and submitted the case to the jury on the cause of action of rescission.

The Uniform Sales Act, R. S. 46:30–72, provides:

"Where the property in the goods has passed to the buyer and the seller wrongfully neglects or refuses to deliver the goods, the

buyer may maintain any action allowed by law to the owner of goods of similar kind when wrongfully converted or withheld."

It should be noted that this provision of the statute says the buyer may maintain *any action*. Plaintiff therefore had the causes of action of conversion, rescission, breach of contract, or replevin, and I take it he could sue for conversion or rescission when the defendant had disabled himself by his own action in rendering himself unable to deliver the machines. The defendant having lost title to the goods in question, the remedy of the plaintiff against the defendant was for compensation for his loss, not to obtain the machines in question, as they had been disposed of and the purchasers evidently had good title. The cause of action of breach of contract, which the defendant urged was the plaintiff's proper remedy if conversion was not maintained, was inadequate because it was contended by the defendant that at the time of the breach of the contract by the defendant the value of the machines had decreased, and the defendant would then have been placed in the position of having made a profit, as he would only have to pay the fallen price and would therefore be able to keep the difference between that and the amount paid by the plaintiff. This certainly would be an unfair method of compensating the plaintiff for the defendant's wrong.

The defendant urges under the doctrine of election of remedies that the plaintiff, having started suit for conversion, could not maintain an action for rescission. Permission to add the rescission count was given at the pretrial and, if my recollection serves me right, it was either by consent or without objection. We must bear in mind that the Sales Act specifically gives the right to the plaintiff to maintain *any* action allowed by law, and the question of whether the action is maintained or not is determined when it is submitted to the jury. Moreover, *Rule* 3:8–5 specifically authorizes the pleading of alternative and inconsistent claims.

For the reasons I have stated the application for a new trial will be denied.