16 N.J. Super. 384 (1951)
84 A.2d 750
HENRY N. SCHRAGE, PLAINTIFF-RESPONDENT,
v.
MILTON J. LIEBSTEIN, INDIVIDUALLY AND T/A UNITED RUBBER MACHINERY EXCHANGE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1951.
Decided November 15, 1951.
*386 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. John J. Budd argued the cause for respondent (Messrs. Budd & Larner, attorneys).
Mr. Phil O. Mayer argued the cause for appellant (Messrs. Mayer & Mayer, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiff in 1946 planned to start a business in the vicinity of Providence, *387 Rhode Island, and paid defendant $3,200 for two machines, a tuber and a vulcanizer. He did not have a plant at the time and defendant agreed to hold the machines at his Newark shop for shipping instructions. The Providence plans fell through and it was not until 1949, three years later, that plaintiff after making a California connection requested delivery of the machines. He alleges that he bought two specific machines and that when he demanded delivery defendant admitted to him that he had sold them to others. Defendant denies a sale of specific machines. His position is that he was only obligated to deliver machines of the particular manufacture and sizes referred to in the parties' correspondence. After unsuccessful efforts to compromise, plaintiff notified defendant in writing that he rescinded the contract and demanded the return of his money. Defendant refused to make the refund and plaintiff brought this action and recovered a judgment upon a jury verdict in the Law Division, Essex County, for the purchase price plus interest and costs. A motion for new trial was denied, Schrage v. Liebstein, 12 N.J. Super. 550 (Law Div. 1951).
The amended complaint, in separate counts, pleads inconsistent statements of claim in conversion and rescission, as may be done under Rule 3:8-5(b); see Young v. George C. Fuller Contracting Co., Inc., 12 N.J. Super. 554 (Law Div. 1951). The trial judge, on motions by the defendant at the close of plaintiff's case and again at the close of the entire case, ruled that a right to relief on the conversion count was not established and submitted the case to the jury upon the rescission count alone, as to which, we find, there is ample proof upon all elements necessary to support a verdict for plaintiff.
The primary fact question raised by the sharply conflicting proofs was whether specific machines had been sold, or whether the contract could be performed by the delivery of machines of the particular manufacture and sizes, which defendant tendered himself ready, able and willing to do.
*388 Defendant's first argument on his appeal is that it was error to submit the case to the jury on the rescission count. He contends that he was entitled to a judgment on one of his motions, arguing that plaintiff must be deemed by the course of procedure followed by him at the trial to have elected to stand or fall on the conversion count and thereby to be precluded from relief on the rescission count. He refers to plaintiff's failure during the trial affirmatively to elect between the inconsistent counts or expressly to abandon the conversion count, and to his pursuit of his right to relief on the conversion count to the point of submitting pertinent requests to charge.
Just what steps will constitute an act of election between inconsistent remedies has occasioned a considerable difference of view in the cases. 18 Am. Jur. 139, sec. 16. When, however, it is contended that a party's trial procedure or tactics constitutes an act of election between two pleaded inconsistent claims, at the least it should appear, and we do not think it does here, that by such course the party gained some advantage at the expense of, or some detriment was suffered by, his adversary, particularly in light of the greater liberality now permitted as to the pleading of inconsistent claims and defenses, designed, with our discovery and pretrial procedures, to afford the fullest opportunity to develop the complete truth and to procure a just determination on the merits as to whether the party has in fact a right to relief or a defense.
However, the case does not present a situation for the application of the doctrine of election of remedies. The elements which must appear before that doctrine can be applied against a party are: (1) the existence of two or more remedies, (2) the inconsistency between such remedies, and (3) a choice of one of them. "If any one of these elements is absent, the result of preclusion does not follow." 18 Am. Jur. 133, sec. 9. All of these elements have not been established in this case.
Defendant successfully persuaded the trial judge that plaintiff did not prove the essentials of a cause of action *389 in conversion. Plaintiff did not cross-appeal that ruling and so it must be taken as established for the purpose of the case that one of his two claimed remedies was not available and had no existence for him. His position is then that of a party who fancies he has a remedy and futilely pursues it, in which case it is settled that another available remedy is not to be denied by the application of the doctrine of election of remedies, characterized "a harsh and now largely obsolete rule" and one "to be strictly confined within its reason and spirit." Adams v. Camden Safe Deposit & Trust Co., 121 N.J.L. 389 (Sup. Ct. 1938); Levy v. Massachusetts Accident Co., 127 N.J. Eq. 49 (E. & A. 1940), affirming 124 N.J. Eq. 420 (Ch. 1938); Metropolitan Life Insurance Co. v. Tarnowski, 130 N.J. Eq. 1 (E. & A. 1941); 18 Am. Jur. 133, sec. 9. "Neither the mistaken assertion of a right that does not exist nor the unsuccessful invocation of an unavailable remedy operates as a definitive election." Adams v. Camden Safe Deposit & Trust Co., supra.
And if the plaintiff may be said to have made an election, clearly it was to rest upon the rescission count. He had no other choice after the trial judge dismissed the conversion count, and although by reason of the dismissal the choice was involuntary it was nonetheless real.
Defendant also alleges prejudicial error in the trial court's refusal to charge his request that if the jury found that no specific machines were sold, the jury should find whether plaintiff was entitled to recover the purchase price of both or only one of the machines. We likewise find no merit in this point. The instruction given was that plaintiff was not entitled to a verdict in any amount unless the jury found that plaintiff had purchased two specific machines. Thus the charge as made precluded a finding in plaintiff's favor as to one machine only, a restriction which, we may say, we think was not warranted in light of the proofs. Clearly, however, defendant had no cause to complain of the refusal to charge his request which was more favorable to the plaintiff.
Affirmed.