182 N.J. Super. 651 (1981)
442 A.2d 1091
ROSEMARI JAWORSKI, PLAINTIFF,
v.
MOTOR CLUB OF AMERICA INSURANCE COMPANY, DEFENDANT. MOTOR CLUB OF AMERICA INSURANCE COMPANY, PLAINTIFF,
v.
MIDWEST MUTUAL INSURANCE COMPANY AND ROSEMARI JAWORSKI, DEFENDANTS.
Superior Court of New Jersey, Law Division Middlesex County.
Decided November 23, 1981.
*653 Richard C. Swarbrick, for plaintiff/defendant Jaworski.
Jerome S. Lieb, for defendant/plaintiff Motor Club of America Insurance Company. (Lieb, Berlin & Kaplan, attorneys).
William W. Murphy, for defendant Midwest Mutual Insurance Company. (Bennett & Bennett, attorneys).
KEEFE, J.S.C.
This case deals with procedures for determining primary and secondary coverage in the context of uninsured motorist arbitration proceedings, an issue not fully addressed in Ciecka v. Transamerica Ins. Group, 81 N.J. 421 (1979).
The facts are not in dispute. Rosemari Jaworski was an insured under an auto liability insurance policy issued by Motor Club of America (MCA) on June 30, 1975. The policy contained an uninsured motorist (UM) endorsement, as required by N.J. *654 S.A. 17:28-1.1. On the above date Jaworski was a passenger on a motorcycle owned and operated by Theodore Vecchione which collided with an uninsured vehicle owned and operated by Isaac Hollmon. Vecchione was insured by Midwest Mutual Insurance Company, which also provided statutory UM coverage.
Jaworski brought a civil action against Vecchione and Hollmon. When the case was reached for trial on May 16, 1977 she settled her liability claim against Vecchione for $9,000. Jaworski's attorney attempted to negotiate a UM settlement with MCA at that time but was unsuccessful. Jaworski then brought suit against MCA for unpaid personal injury protection benefits (PIP) and for UM benefits. That complaint was filed on September 7, 1978. The PIP suit was settled. MCA then moved for summary judgment, and on May 27, 1980 the court sent the UM claim to arbitration, as required by the policy. Jurisdiction was retained for the sole purpose of confirming, modifying or vacating any award entered. N.J.S.A. 2A:24-4, N.J.S.A. 2A:24-7.
A petition for arbitration was filed against MCA on July 17, 1980. Jaworski did not join Midwest as a respondent in that matter. An arbitrator was designated by the American Arbitration Association (AAA) and a hearing date was set for October 24, 1980. On the hearing date counsel for MCA requested the arbitrator to rule that Midwest Mutual Insurance Company provided the primary UM coverage, citing Ciecka v. Transamerica Ins. Group, supra, as authority and asked for a continuance until Midwest could be joined. Counsel for MCA also requested a credit of $9,000 on any award made by the arbitrator, citing a provision of its UM endorsement. The arbitrator denied both requests. MCA then proceeded with the arbitration, reserving the right to seek judicial declaration of its rights.
The arbitration proceeded, with Jaworski submitting proof of the uninsured's liability and her damages. MCA did not submit any liability proofs. The arbitrator entered an award on November 18, 1980 in the amount of $13,500.
*655 On December 3, 1980 MCA filed a declaratory judgment action against Midwest and Jaworski for a declaration that Midwest's UM coverage is primary and MCA's policy is excess; that a credit of $9,000 should be given against the arbitrator's award and that plaintiff should be enjoined from confirming the award until these issues can be determined.
At oral argument on this matter, during which these facts were stipulated, Jaworski's attorney conceded knowledge of the holding in Ciecka, but stated that he elected to proceed against MCA alone, believing that Midwest had treated plaintiff fairly and had paid its fair share of plaintiff's claim.
The issues presented by these facts are: (1) whether Jaworski can selectively present a claim for UM coverage against her insurance company and disregard her host driver's UM coverage; (2) whether MCA waived any rights it had against Midwest by failing to enjoin the arbitration proceeding and (3) whether the $9,000 liability settlement with Midwest should have been deducted from the award.
The "other insurance" clause in the MCA policy and the Midwest policy are substantially identical. The terms of each policy, in connection with the decision in Motor Club of America v. Phillips, 66 N.J. 277 (1974), makes the host driver's UM coverage primary while the passenger's policy remains as "excess insurance." In Ciecka, supra, 81 N.J. at 429, the Supreme Court noted the Appellate Division's decision to permit such "risk distribution between the two carriers," and then stated,
In the posture of this case we are content to leave intact the determination of the court below in this regard, without suggesting a definitive ruling on the point.
In that case plaintiff had joined both insurance companies in the arbitration proceedings. Therefore, the court did not have to deal with the question of whether an injured claimant was compelled to join both carriers in arbitration in order to carry out the "risk distribution" plan established by the policy language.
*656 Why a plaintiff such as Jaworski would not want to join both insurance companies in order to obtain the benefits of excess coverage is puzzling, especially in view of how close the arbitrator's award came to MCA's UM single limit. However, aside from practical considerations, there is nothing in our case law which specifically holds that an injured party may not elect to proceed solely against her own insurance company. Both Phillips and Ciecka dealt with factual situations in which the injured claimants proceeded against their host driver's carrier as well as their own.
In Motor Club of America v. Phillips, supra 66 N.J. at 286, Judge (Temporarily Justice) Conford noted that the Commissioner of Insurance approved the "other insurance" clause as a part of the blanket UM endorsement although the statute was silent on the subject. He then held:
Since every such policy must offer such coverage, and the statute contains no suggestion of relief from its undertaking in favor of an issuing insurer merely because another insurer had assumed the same obligation in favor of the same accident victim, the statute unambiguously grants the victim prima facie recourse to any and all policies applicable, subject to the unquestionably implicit condition that his claims in aggregate not exceed his damages. [at 292]
This principle was restated by the Supreme Court in Ciecka, supra 81 N.J. at 428. In an analogous situation involving the PIP statute, Judge Lane held that an effort by the injured claimant's carrier to avoid primary responsibility for PIP benefits based on policy language not found in the statute scheme was invalid. Selected Risks Ins. Co. v. Allstate Ins. Co., 179 N.J. Super. 444 (App.Div. 1981). This holding is somewhat at variance in theory with Ciecka. However, there are policy considerations to consider with PIP coverage relative to the insured's right to prompt payment of medical bills and lost wages that are not necessarily present to the same degree in UM cases. In any event, such conflicts between appellate court decisions are appropriately resolved on that level.
This court concludes from the foregoing case law analysis that Jaworski can elect to proceed solely against her insurance company, MCA. In the event an injured claimant makes *657 such an election, the "other insurance" clause of the UM endorsement becomes a right-of-risk distribution which the insurance company may elect to pursue if it wishes. There is "no public policy consideration which would operate to invalidate the clause," so long as the injured claimant is not denied her basic UM rights as contemplated by N.J.S.A. 17:28-1.1. Ciecka, supra 81 N.J. at 429.
Thus, it is clear that MCA had a right to seek the joinder of Midwest in the arbitration proceeding in order to bind it by the award. Midwest claims that MCA should be estopped from doing so now. It argues that MCA failed to follow the rules of the AAA which could have brought about the joinder earlier in the proceeding or, in the alternative, MCA should have sought relief from this court before the arbitration hearing commenced.
Midwest relies on §§ 4 and 5 of the Accident Claims Arbitration Rules promulgated by AAA. Section 4 is not at all enlightening on the issue. It provides, in pertinent part:
The party upon whom the Demand is filed may file an answering statement. If no such statement is filed, it will be assumed that the claim is denied.
MCA filed no answering statement and, therefore, denied Jaworski's claim against it.
Section 5 presents a different problem. It provides:
If any party desires to make any new or different claim, such claim shall be made in writing and filed with the AAA and a copy thereof mailed to the other party. After the arbitrator is appointed, no new or different claim may be submitted except with the consent of the arbitrator.
Clearly, MCA's desire to join Midwest as a party constitutes a "new or different claim" in comparison to Jaworski's demand for arbitration. However, MCA waited to present its claim until the day scheduled for the arbitration hearing. The application was opposed by Jaworski. By taking this approach MCA was submitting the issue to the arbitrator for decision. In denying MCA's application the arbitrator was withholding his "consent" under § 5 of the AAA rules by which MCA and its insured agreed to be bound both in the policy and under § 1 of the rules.
*658 Is such a determination subject to review by this court? I conclude that it is reviewable and further conclude that while the arbitrator had jurisdiction to decide the issue, he "imperfectly executed" his power and thus produced the award by "undue means." N.J.S.A. 2A:24-8. Our Supreme Court has said that "where the parties have set forth in their agreement certain terms and conditions which must be satisfied, the arbitrator must not disregard those terms." In re Grover Arbitration, 80 N.J. 221, 231 (1979). The insured, Jaworski, and her insuror, MCA, agreed in the policy that
... with respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance ... shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance....
Thus, while the insured may have had the right to file her Demand only against MCA, MCA had the right under the policy to accept responsibility or prove that another insurance carrier was primarily liable. Where other primary coverage can be shown, the insured agreed in the policy to accept that coverage and recover only excess damages from MCA. Neither Jaworski nor Midwest deny that the Midwest Policy was both "available" to plaintiff and "applicable" as "primary insurance." Ciecka v. Transamerica Insurance Group, supra, was decided ten months before the present issue was submitted to the arbitrator. It was, therefore, not a novel issue. In light of the holding in Ciecka and the language of the policy, "the arbitrator was not free to disregard the contractual requirements" agreed to by the insured and MCA. In re Grover Arbitration, supra at 231. The arbitration hearing should have been adjourned and MCA should have been permitted to join Midwest. MCA's participation in the hearing under protest and with a reservation of rights is a procedure approved by Grover, at 230. MCA had every right to expect that it would be permitted to join Midwest. While it may have been better procedure for MCA to have filed an answer to the Demand or to have advised AAA in advance of their position, such procedural niceties should not be used to deny an otherwise just claim. See Dial Press v. Phillips, 23 *659 N.J. Super. 543 (App.Div. 1952), and Schrage v. Liebstein, 16 N.J. Super. 384 (App.Div. 1951).
The arbitration award is therefore vacated. The matter is remanded to the American Arbitration Association for proceedings consistent with this opinion.
One further issue must be addressed to assist the parties on remand. Ciecka (81 N.J. at 428) clearly holds that no set-off or deduction is permitted against a UM award for any payments made under the liability provisions of an applicable insurance policy. This applies even when both the insured and uninsured drivers are determined to be negligent. Id., at 425. Therefore, Jaworski's settlement with Midwest under the liability policy for $9,000 is irrelevant to the arbitration proceeding and should have no bearing on the award.
All other issues raised by the parties are rendered moot by reason of the foregoing determinations. MCA's attorney shall submit an order consistent with this opinion. The court will retain jurisdiction under N.J.S.A. 2A:24-4 and N.J.S.A. 2A:24-7.