**Priscilla BAZINET,**

v.

**CONCORD GENERAL MUTUAL INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued June 5, 1986.
Decided Aug. 1, 1986.

Thomas M. Mangan (orally), Lewiston, for plaintiff.

Berman, Simmons & Goldberg, P.A. Paul F. Macri (orally), Gary Goldberg, Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Priscilla Bazinet appeals from a summary judgment entered in the Superior Court, Androscoggin County, in favor of her insurer, Concord General Mutual Insurance Company. Because we agree with Bazinet that her settlements with an underinsured tortfeasor and North East Insurance Company do not necessarily bar her right to recover under the underinsured motorist coverage of her Concord policy, we vacate the judgment.

Bazinet was injured on June 25, 1978 while riding as a passenger in an automobile driven by Elaine Couture. The accident was caused by the negligence of Richard Sylvester, the operator of a second vehicle. Sylvester's insurance limits at the time of the accident were $20,000 per person and $40,000 per accident. Couture had a policy of insurance with North East that contained underinsured motorist coverage with limits of $20,000 per person and $40,000 per occurrence. Bazinet's own insurance with Concord provided $40,000 single limit coverage for underinsured motorists.

On April 28, 1980 Concord refused Bazinet coverage under her policy presumably on the theory that as the excess carrier it was not liable for her damages. North East refused to indemnify Bazinet on May 22, 1980 based on its belief that Sylvester was not underinsured under the terms of Maine's uninsured motorist statute. Shortly thereafter, on May 30, 1980, Bazinet settled with Sylvester for $17,500 and executed a release in his favor.

After the settlement with Sylvester, Bazinet filed a complaint in Superior Court against North East and Concord for further payment of her damages through the underinsured motorist provisions of their respective policies. Bazinet subsequently settled with North East for $3,000. Thereafter, Concord filed a motion for summary judgment alleging that it was entitled to judgment as a matter of law because Bazinet's settlement with North East, the primary carrier, for less than the $20,000 policy limit relieved it of further liability. The Superior Court agreed and entered the summary judgment that is now before us.

## I.

■ We first consider whether Bazinet's settlement with North East for $3,000 relieves her own insurance carrier of any liability. Concord relies upon the "other insurance" clause in its policy to defeat any coverage liability to Bazinet.[1] As the alleged "excess" carrier, Concord argues

---

1. The "other insurance" clause that Concord seeks to enforce reads:

   With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under the Uninsured Motorist Coverage shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

that it is liable only after Bazinet exhausts her remedies against the primary carrier, North East. Because Bazinet settled with North East for an amount well below the North East policy limit, Concord maintains that she is barred from recovering under her own policy.

■ We have held that "other insurance" clauses cannot be used by the insurers to defeat liability to their insureds. *Wescott v. Allstate Ins.*, 397 A.2d 156, 169, (Me.1979). Although the plaintiff in *Wescott* had exhausted the coverage available from other insurance, that distinction is without consequence in the case before us. The liability of insurance carriers is joint and several in cases where there are two or more insurance policies applicable to the same loss. *Midwest Mutual Insurance Company v. Aetna Casualty and Surety Insurance Co.*, 565 S.W.2d 711 (Mo.App. 1978); *see also,* Appleman, *Insurance Law & Practice,* Vol. 8C § 5101.35, pp. 452–454 (1981). Under this rule, an insured has the right to proceed against any and all of the carriers who may be liable to him up to the stated policy limit, and any excess/primary distinction sought to be drawn by an insurer has no bearing on that right. *American Motorists Ins. Co. v. Briggs,* 514 S.W.2d 233, 236 (Tex.1974); *see also,* Appleman at 455.

Thus, an injured passenger can settle with the driver's insurer for an amount less than the policy limit and then proceed against his own carrier for the remainder of his actual damages. *Repasy v. Nationwide Insurance Co.,* 67 Ohio App.2d 118, 119–21, 425 N.E.2d 959, 960–61 (1980); *see also Jaworski v. Motor Club of America Ins. Co.,* 182 N.J.Super. 651, 656–57, 442 A.2d 1091, 1094 (1981). (passenger injured in accident with uninsured motorist can elect to proceed against her own insurer rather than driver's insurer for benefits covering uninsured motorists). The battle between insurers as regards their mutual rights and obligations must be waged in appropriate cross-actions or later proceedings and cannot be employed to thwart recovery by an insured. *Holter v. Employers Mutual Fire Ins. Co.,* 520 S.W.2d 435, 437–38 (Tex.Civ.App.1975).

In light of the above analysis, Bazinet's settlement with North East does not automatically result in barring her right to proceed against Concord. Concord may be liable to Bazinet up to the amount stated in its policy. Any rights Concord may have against North East, do not affect Bazinet's right to recover against Concord.

## II.

■ As an alternative argument Concord maintains that it is also entitled to summary judgment because Bazinet violated the "no-consent to settlement" clause in her contract by settling with Sylvester, the underinsured tortfeasor without the insurer's consent.[2] The settlement with Sylvester, Concord maintains, destroyed its subrogation rights under 24–A M.R.S.A. § 2902(4) (1974).[3] Because Concord has consistently refused any payment to Bazinet, we conclude that its reliance on the "no-consent to settlement" clause is misplaced.

As a starting point, we recognize the split of authority on the question whether

---

**2.** The "no-consent to settlement" clause reads:
**Exclusions:** This policy does not apply:
....
Under the Uninsured Motorist Coverage,
....
(q) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor.

**3.** 24–A M.R.S.A. § 2902(4) (1974) provides:
In the event of payment to any person under uninsured vehicle coverage and subject to the terms of such coverage, to the extent of such payment the insurer shall be entitled to the proceeds of any settlement or recovery from any person legally responsible for the bodily injury as to which such payment was made, and to amounts recoverable from the assets of the insolvent insurers of the other motor vehicle.

insurers may rely on "no-consent to settlement" clauses to deny coverage to insureds who settle with an uninsured motorist tortfeasor without consent. *See generally*, 18 A.L.R. 4th 249 (1982 & Supp.1985). The purpose of such clauses, however, is almost exclusively to protect the insurer's subrogation rights against the party released. *Government Employees Ins. Co. v. Sutton*, 400 So.2d 476 (Fla.Dist.Ct.App.1981), *petition den.*, 407 So.2d 1106 (Fla.1981). When the insurer's subrogation rights are unaffected by the settlement, courts may not permit such clauses to defeat the claims of insureds. *Galinko v. Aetna Casualty & Surety Co.*, 432 So.2d 179, 1982 (Fla.Dist.Ct.App.1983).

We conclude that we need not decide the question expressly reserved in *Wescott*, 397 A.2d at 167, n. 8, whether the "no-consent to settlement" clause is generally enforceable if the settlement is with the uninsured motorist. We do, however, hold that the insurer may not decline payment to the insured in breach of its contract and later rely upon the "no-consent to settlement" exclusion. *See Aristonico Infante v. Preferred Risk Mutual Ins. Co.*, 364 So.2d 874 (Fla.Dist.Ct.App.1978); *Porter v. Empire Fire & Marine Ins. Co.*, 12 Ariz.App. 2, 467 P.2d 77, *vacated on other grounds*, 106 Ariz. 274, 475 P.2d 258 (1970); *see generally* 18 A.L.R. 4th at 291–296.

On April 28, 1980, Concord refused to indemnify Bazinet for her losses and never paid any benefits to her under the policy. As a result of Concord's refusal, no subrogation rights in favor of Concord had yet arisen against Sylvester that could have been prejudiced by Bazinet's settlement with the tortfeasor. Bazinet settled with Sylvester on May 30, 1980, over one month after Concord's refusal. By that time Concord through its action had waived any claim to preservation by Bazinet of Concord's subrogation rights.[4]

Without such a rule an insured, when denied payment from his insurer, may also be precluded from settling with other responsible parties for fear of extinguishing rights against his own insurer. Inasmuch as Maine's uninsured motorist statute is to be construed "to assure a person injured by an uninsured motorist that he will be able to recover, from whatever source available, up to the total amount of his damages," *Wescott*, 397 A.2d at 167, we cannot condone use of "no-consent to settlement" clauses to defeat an insured's claim when the insurer has refused to indemnify its insured.

### III.

■ In its brief Concord invites us to decide the extent to which Sylvester is underinsured as "an issue which might become relevant should the matter have to be tried on the merits". Concord argues that regardless of the amount actually received by Bazinet from Sylvester's insurer, we should look to the $20,000 coverage available as the threshold beyond which underinsured motorist coverage is triggered. Bazinet argues that her $17,500 settlement was reasonable because multiple claims had exhausted Sylvester's coverage and that, therefore, she is entitled to recover the balance of her damages up to the limit of the underinsured motorist coverage available to her. We decline Concord's invitation to resolve the dispute. On the record before us, Bazinet has yet to establish that she sustained damages in excess of the $17,500. Only if damages in excess of that amount are established does a question arise as to whether Concord may be entitled to set off more than the amount Bazinet actually received from Sylvester. Any decision on this issue, consequently, is premature.

The entry is:

Judgment vacated.

---

4. On the waiver issue Concord protests any use of correspondence between counsel attached to Bazinet's brief in Superior Court on the ground that it was not submitted in affidavit form. We need not address Concord's argument in this regard because in its answer to the complaint Concord admitted that it had refused any payment to Bazinet.

Case remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.