STATE of Maine

v.

**Marsha QUIMBY, Randall Quimby and Shane Cote.**

Supreme Judicial Court of Maine.

Argued Jan. 31, 1991.
Decided March 29, 1991.

R. Christopher Almy (orally), Dist. Atty., Dover–Foxcroft, for the State.

Mark S. Kierstead (orally), Waterville, for Cote.

Julio DeSanctis (orally), Orrington, for Quimbys.

Before WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

This is a consolidated appeal from a consolidated jury trial in the Superior Court (Piscataquis County, *Beaulieu, J.*). Randall and Marsha Quimby appeal from their convictions of arson, 17–A M.R.S.A. § 802 (1983) and conspiracy to commit arson, 17–A M.R.S.A. § 151 (1983) and Shane Cote appeals from his conviction of conspir-

acy to commit arson, 17–A M.R.S.A. § 151 (1983). The Quimbys claim that the M.R. Evid. 801(d)(2)(E) admission of statements made by a co-conspirator was error because there was no evidence independent of the statements sufficient to show a prima facie case of conspiracy as required by *State v. Porter,* 404 A.2d 590 (Me.1979). Cote challenges the court's denial of his motion for severance and motion for a new trial on the ground of newly discovered evidence. We conclude that the evidence is sufficient to support the convictions of arson and that the finding by the court of sufficient independent evidence of a conspiracy was not clearly erroneous and admission of the evidence was proper under the *Porter* "prima facie" standard. However, we take this opportunity to clarify the showing necessary for admission under M.R.Evid. 801(d)(2)(E) and find the statements here at issue also admissible under the "preponderance of the evidence" standard. We affirm the court's denial of the motions made by Cote.

A store known as Bucksworth II in Guilford burned on September 8, 1987. It was owned by Anthony and Evelyn Fernandes and leased by Randall and Marsha Quimby. Leon Corson (Corson), Randall Quimby (Randall), Marsha Quimby (Marsha), and Shane Cote (Cote) were charged by indictment for arson and conspiracy to commit arson on January 6, 1988. Kimberly Ward (Ward) and Melissa Farrenkopf (Farrenkopf) were also involved in the crime. Ward entered a plea of guilty to arson and conspiracy and Farrenkopf pled guilty to conspiracy.

Corson, Randall, Marsha and Cote were to be tried together. Randall, Marsha and Cote made a motion to sever their trial from Corson. This motion was granted. Corson's case went to trial (Piscataquis County, *Smith, J.*) first and he was convicted by a jury of both charges. Ward was the state's primary witness.

Before the Quimby/Cote trial began, the state made a motion in limine seeking to admit testimony by Ward of statements made to her by Corson of statements made to him by Randall. The court allowed the testimony. Cote brought a motion for severance on November 14, 1989 (Piscataquis County, *Beaulieu, J.*) that was denied. Randall and Marsha were convicted of arson and conspiracy to commit arson on November 15, 1989. On the same day Cote was found not guilty of arson but guilty of conspiracy to commit arson. Judgment was entered against Randall, Marsha and Cote on February 5, 1990 and they appealed. Cote, through new counsel, also made a motion for a new trial based on newly discovered evidence. It was denied on April 20, 1990 (Piscataquis County, *Beaulieu, J.*). This ruling, and the denial of his motion for severance, are challenged on appeal.

*The Quimbys' appeal*

■ The Quimbys concede on appeal that the statements by Corson to Ward were made during and in furtherance of a conspiracy. The Quimbys argue, however, that the third requirement of admissibility under M.R.Evid. 801(d)(2)(E), outlined in *State v. Porter,* 404 A.2d 590 (Me.1979), was not met. That requirement is that the state must show evidence independent of the offered statements sufficient to establish a prima facie case of conspiracy against the Quimbys before the statements can be admitted against them. *Id.* at 597. The Quimbys' argument is without merit. Their argument, however, gives us an opportunity to resolve confusion over the standard of proof required of the state to show a conspiracy under this evidentiary rule.

M.R.Evid. 801(d)(2)(E) provides that "a statement is not hearsay if ... the statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." The court's decision to admit the evidence will be vacated only if the historical facts on which its decision is based are clearly erroneous or if it abused its discretion. *See State v. Warren,* 312 A.2d 535, 541 (Me.1973); M.R.Evid. 104(a) & (b).

In *Porter,* we found it essential to the admission of a statement pursuant to M.R. Evid. 801(d)(2)(E) that three necessary find-

ings be made by the court: 1) the statement was made during the course of a conspiracy; 2) the statement was made in furtherance of the conspiracy; and 3) there must be evidence independent of the statements that establish a "prima facie case" of the defendant's participation in the conspiracy. *Porter*, 404 A.2d at 597. This three pronged test was followed in *Warren*, a case that was decided *before* the adoption of the Maine Rules of Evidence. *Warren*, 312 A.2d at 535. A prima facie showing, necessary to meet the third prong, meant enough *admissible* evidence to get a case past a motion for directed verdict or acquittal. *See U.S. v. Petrozziello*, 548 F.2d 20, 23 (1st Cir.1977); *see, also, Black's Law Dictionary*, 1071 (1979) ("such as will prevail until contradicted and overcome by other evidence").

In *Petrozziello* in 1977, the First Circuit rejected the use of a prima facie standard in the identical Fed.R.Evid. 801(d)(2)(E) because it conflicted with the then new Fed. R.Evid. 104(a) & (b). *Petrozziello*, 548 F.2d at 23. Fed.R.Evid. 104(a) & (b), like M.R. Evid. 104(a) & (b), allowed the court to determine whether a particular piece of evidence was admissible notwithstanding the Rules of Evidence. Speaking through Judge Coffin, the court said the prima facie showing in Fed.R.Evid. 801(d)(2)(E) was at odds with this new power of the court to base its admissibility decision on inadmissible evidence. *Id.* The court also concluded that Fed.R.Evid. 104 authorization that the court "determine" issues of admissibility required a higher standard than simply a prima facie showing. *Id.*

Not only did the First Circuit reject the prima facie showing, it also rejected a proof beyond a reasonable doubt showing. *Id.; contra*, Field & Murray, *Maine Evidence* § 801.5, 314 (1987). The *Petrozziello* court felt this was too high a burden because the determination was not one of guilt or innocence but of admissibility. *Petrozziello*, 548 F.2d at 23. It continued: "[t]he ordinary civil standard is sufficient: if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that statement was in fur-

therance of the conspiracy, the hearsay is admissible." *Id.* at 23; *see U.S. v. Pelletier*, 845 F.2d 1126, 1128 (1st Cir.1988); *U.S. v. Cresta*, 825 F.2d 538, 551 (1st Cir.1987). A preponderance showing based on all available information better reconciles the policies embodied in the Maine Rules of Evidence and we adopt it.

■ Here, under either the prima facie standard, defined as "such as will prevail until contradicted and overcome by other evidence," or a preponderance standard, there was enough independent admissible information before the court to establish a conspiracy. At the motion in limine, the court had transcripts of Corson's trial which included the testimony of fire investigators, the insurance company, the owner of the building and Ward. Before actually admitting Ward's testimony, it had listened to the same witnesses presented against Corson. Independent of statements made by Corson to Ward, or Randall to Corson to Ward, the following testimony was before the court: The Quimbys were about to be evicted from the subsequently burned building. They had insurance on the contents. Ward observed them discussing something with Corson on two occasions during the week prior to the fire. On another occasion in the same week, they visited the Ward/Corson home but Corson was not home. Ward went with Corson on the day before the fire to visit Randall in the hospital. After the visit, Ward and Corson followed Marsha to her home and she paid Corson $500. Ward drove Corson to a gas station and they picked up gas. Ward drove Corson to the building, Corson left the car taking the gas, the building caught on fire, and he came back to the car. Marsha filed an insurance claim the next day. Two or three weeks later the Quimbys visited Corson and Ward again with the papers charging the Quimbys with arson and conspiracy. It was not clearly erroneous under either a preponderance or prima facie standard for the court to find that the Quimbys were parties to the conspiracy.

*Cote's appeal:*

■ After the trial, Cote discovered new evidence that Farrenkopf, the only witness that implicated Cote directly, had told his stepmother that he had nothing to do with the arson. He argues that this evidence would have changed the verdict and the court erred in denying his motion for mistrial. This argument is without merit.

To prevail on a motion for a new trial on newly discovered evidence, Cote must satisfy the court: "1) that the evidence is such as will probably change the result if a new trial is granted; 2) that it had been discovered since the trial; 3) that it could not have been discovered before the trial by the exercise of due diligence; 4) that it is material to the issue; and 5) that it is not merely cumulative or impeaching, unless it is clear that such impeachment would result in a different verdict." *State v. Casale,* 148 Me. 312, 319–320, 92 A.2d 718 (1950); *see State v. Estes,* 418 A.2d 1108, 1114 (Me.1980) (quoting *Casale*); *State v. Ruybal,* 408 A.2d 1284, 1287–88 (Me.1979) (also quoting *Casale*). The denial of this type of motion "is essentially a determination of fact" and will be vacated only if it is clearly erroneous. *Ruybal,* 408 A.2d at 1287 (quoting *State v. Sawyer,* 314 A.2d 830, 834 (Me.1974)).

On February 7, 1990, Cote made a motion for a new trial on the ground that he had newly discovered evidence. After hearing the evidence, the court denied the motion. The court recited the five elements that a person must prove before a new trial will be granted. It found that two of those were not satisfied. Specifically, because there was ample testimony in the record for the jury to determine whether Farrenkopf was telling the truth or not and the new evidence, a prior inconsistent statement, went to the issue of credibility, the court was satisfied that the new evidence would not have changed the result at trial and was only being introduced for impeachment purposes. The findings by the court were not clearly erroneous.

■ Cote next challenges the denial of his motion for severance. "It is black letter law that a presiding justice's ruling on

a severance or joinder motion will not be reversed on appeal absent an abuse of discretion." *State v. Smith,* 415 A.2d 553, 556 (Me.1980); *see State v. Millett,* 392 A.2d 521, 528 (Me.1978). On appeal, defendant "must make a clear showing of facts presented to the trial justice prior to trial which should have caused him to believe that the defenses of appellant and his co-defendant were necessarily antagonistic or that he would be prejudiced by a joint trial." *Millett,* 392 A.2d at 528. Cote concedes on appeal that he did not make such a showing and a review of the record shows no manifest injustice sufficient to vacate the judgment. There was no abuse of discretion.

The entry is:

Judgments affirmed.

All concurring.