**John J. FRENCH, et al.**

v.

**David A. WILLMAN, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 5, 1991.

Decided Dec. 9, 1991.

**1152**

Joseph Cloutier, William Welte, (orally) Joseph M. Cloutier & Associates, Rockport, for plaintiffs.

Roger J. O'Donnell, III, (orally), Platz & Thompson, Lewiston, Clyde L. Wheeler, (orally), Wheler & Arey, Waterville, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Plaintiffs John J. and Julie Ann French appeal from the judgment entered against them in the Superior Court (Knox County, *Kravchuk, J.*) after a jury found that defendant David Willman was not negligent. They also challenge the entry of judgment in favor of New Hampshire Insurance Company. We find no merit in any of the Frenches' arguments on appeal and affirm the judgments.

In January, 1989, John French was driving his truck on route 17 in Augusta during a rainstorm when he noticed a truck driven by Willman, which was coming from the opposite direction, cross over the center line. The vehicles collided a few feet from the center line in French's lane. In June, 1989, the Frenches commenced a negligence action against Willman. Subsequently, the court permitted an amendment to add New Hampshire as a party defendant based on the Frenches underinsured motorist coverage.[1]

### I.

The Frenches contend that the court erred by failing to instruct the jury that a violation of a safety statute creates a presumption of negligence which shifts the burden of proof to the defendant. We disagree. We have long since disavowed the notion that a finding of a violation of law creates a rebuttable presumption of negligence that allows a shifting of the burden to the defendant. *Dongo v. Banks*, 448 A.2d 885, 889–90 (Me.1982). The present rule in Maine is "that violation of a safety statute is not negligence per se, but only evidence of negligence." *Id.* at 889.

Contrary to the Frenches' contention, we did not revive the rebuttable presumption standard by our decision in *Olsen v. French*, 456 A.2d 869 (Me.1983). In *Olsen*, we declined to address either the use of the term "presumption" or the burden-shifting characterization of the instruction involved there because no objection was raised at trial and the plaintiffs were the appellants. *Id.* at 876 n. 4. Because *Dongo* still controls, the court was correct to instruct the jury to consider a violation of a safety statute as evidence of negligence that does not shift the burden of persuasion.

### II.

The Frenches next contend that the court erred by not granting a new trial based on newly discovered evidence. Because the court was not compelled to find

---

1. The Frenches' amendment was based on their misinterpretation of our opinion in *Bazinet v. Concord General Mutual Ins. Co.,* 513 A.2d 279 (Me.1986). The propriety of such procedure is not challenged by Willman because the court (*Silsby, J.*) granted his motion for a separate trial on January 3, 1990.

that the proffered testimony probably would have resulted in a different verdict, we conclude, that the court did not err by denying the Frenches' motion for a new trial. *See State v. Quimby*, 589 A.2d 28, 31 (1991).

### III.

■ Finally, the Frenches argue that the court erred by entering judgment for New Hampshire based on the judgment in favor of Willman. The court applied the doctrine of collateral estoppel to the Frenches' related claim against their insurance company. The question whether the Frenches were entitled to recover from the insurance company was conclusively decided by the jury's finding that Willman was not negligent. The absence of mutuality does not prevent the application of collateral estoppel. *See Hossler v. Barry*, 403 A.2d 762, 766–70 (Me.1979); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 13.3 at 123 (2d ed. Supp.1981). We also reject the Frenches claim that the courts' action contravened the law of the case as established by the January 3, 1990, order for separate trials. The court did not err by entering judgment for New Hampshire on the ground of collateral estoppel.

The entry is:

Judgments affirmed.

All concurring.