RECEIVED & FILED

APR 2 5 2000
ANDROSCOGGIN
SUPERIOR COURT

DONALD L. GARBRECHT
LAW LIBRARY

APR 28 2000

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV--99-56

RAC - A

DENNIS SIBLEY and JOANNE SIBLEY,

Plaintiffs

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

DECISION AND ORDER

Defendant

This matter is before the Court on Defendant GEICO's Motion for Summary Judgment. For the following reasons, Defendant's Motion is DENIED.

## FACTS

On November 16, 1995, Dennis Sibley was driving a truck in Portland, Maine when his vehicle collided with a vehicle operated by Beryl Hall. Mr. Sibley alleges that he sustained serious injuries as a result of Ms. Hall's negligence. At the time of the accident, Mr. Sibley carried an automobile liability policy issued by Government Employees Insurance Company "GEICO" with a liability limit of $300,000 per person/$300,000 per accident. Ms. Hall in turn carried an automobile liability policy with a liability limit of $100,000 per person/ $100,000 per accident.

The Sibleys initially settled their claim against Beryl Hall's insurer for $85,000.[1] Simultaneously, they signed a Release of All Claims and Indemnity Agreement in favor of Ms. Hall and her insurer. The Sibleys did not obtain the prior

---

[1] This was $15,000 less than the maximum amount of $100,000 that Plaintiffs could potentially have been awarded.

1

consent of GEICO before making the settlement agreement. Consequently, when the Sibleys demanded underinsured motorist benefits from GEICO two days later, GEICO denied their claim. GEICO rationalized its rejection by citing language from the policy which precludes settlement with a tortfeasors's insurer without GEICO's advance approval.

Subsequently, the Sibleys commenced a suit against GEICO, seeking compensation for any damages in excess of $100,000, the maximum liability limit of the Beryl Hall policy.[2] GEICO continues to deny liability and now moves for summary judgment. GEICO urges this Court to find as a matter of law that the release executed by the Sibleys bars them from obtaining excess liability coverage. The Sibleys in turn present this Court with their own motion for partial summary judgment, asking this Court to find GEICO liable for any damages that exceed $100,000, should liability be established.

## DISCUSSION

### The Sibleys are not required to first exhaust their remedy against Ms. Hall's insurance company before pursuing a claim against GEICO.

GEICO argues that pursuant to 24-A MRSA § 2902 (4)[3], the Sibleys are required to first exhaust their remedy against Ms. Hall's insurance company before pursuing a claim against GEICO. GEICO's argument, however flies in the face of recent precedent set by the Law Court in *Greenvall v. Maine Mut. Fire Ins. Co.*, 1998 ME 204, ¶ 715 A.2d 949.

*Greenvall* supports the Sibleys's assertion that an insured may recover

---

[2] The Plaintiffs stipulated that GEICO was entitled to a set-off of $100,000, the maximum amount of coverage under Beryl Hall's policy.

[3] Section 2902 (4) states: In the event of payment to any person under uninsured vehicle coverage, and subject to the terms of such coverage, to the extent of such payment the insurer shall be entitled to the proceeds of any settlement or recovery from any person legally responsible for the bodily injury as to which such payment was made, and to amounts recoverable from the assets of the insolvent insurer of the other motor vehicle.

2

uninsured motorist benefits without first securing a judgment against the uninsured tortfeasor. The Law Court explained that "because the insured's legal entitlement to recovery against the underinsured motorist and the insurer's contract liability can be resolved in a single action, considerations of judicial economy militate against requiring a judgment against the underinsured tortfeasor before suit may be brought against the insurer."*Id.* ¶ 7, 715 A.2d at 952.

GEICO attempts to distinguish *Greenvall* from the case at bar, stating that the settlement in *Greenvall* was for the $100,000 policy limits. In contrast, the settlement in this case was for $15,000 less than the policy limit. GEICO concludes that as a result, a condition precedent to the Sibleys' recovery has not been satisfied, and their claim is barred. GEICO's attempt to avoid liability by such a technicality is not persuasive, especially where the Sibleys concede that GEICO is entitled to the full $100,000 setoff.

Additionally, the Law Court in *Bazinet v. Concord General Mutual Insurance Company*, 513 A.2d 279 (Me. 1986) held that where there is joint and several liability between multiple insurers, any arbitrary distinction between excess and primary carriers should be rejected. A plaintiff is not required to exhaust the entire amount of coverage provided by one carrier before demanding compensation from the other.

> Under this rule an insured has the right to proceed against any and all of the carriers who may be liable to him up to the stated policy limit, and any excess/primary distinction sought to be drawn by an insurer has no bearing on that right..

> Thus an injured passenger can settle with the driver's insurer for an amount *less than* the policy limit and then proceed against his own carrier for the remainder of his actual damages [*citing caselaw*] [*emphasis added*] [4]

GEICO additionally argues that the release signed by the Sibleys effectively destroyed its subrogation rights. GEICO however has not demonstrated any real

---

[4] *Id.* ¶ 2, 279 A.2d at 281

3

prejudice to its subrogation rights. "When an insured settles with an underinsured tortfeasor, the insurer must demonstrate prejudice as a result of the loss of subrogation rights before the insurer may deny recovery under the policy." *Greenvall*, 1998 ME 204, ¶ 12, 715 Ad. at 954.

GEICO could demonstrate prejudice by showing that Ms. Hall has sufficient assets to satisfy a judgment in favor of GEICO. Until or unless GEICO can provide affidavits or other records supporting such a claim, the Court will not consider granting the motion for summary judgment.

Wherefore the entry shall be: Defendant's motion for summary judgment is DENIED. Plaintiff's Partial Motion for Summary Judgment is GRANTED.

Date: April 21, 2000

Roland A. Cole
Justice, Superior Court

4

STATE OF MAINE

ANDROSCOGGIN, SS.

.ECEIVED & FILED

MAY 1 2 2000

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-56

TED-AND - 5/12/2000

DENNIS SIBLEY and
JOANNE SIBLEY,

      Plaintiffs

      v.

                                        **DECISION AND JUDGMENT**

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Defendant

Plaintiff Dennis Sibley was injured in a motor vehicle accident in Portland on November 16, 1995. His claim against the driver of the other vehicle, Beryl Hall, was settled for $85,000. He has initiated this action against his own insurer, Government Employees Insurance Company (GEICO), pursuant to 24-A M.R.S.A. § 2902 and the underinsured motorist provision of the policy issued to plaintiffs by defendant. The plaintiffs seek damages from GEICO in excess of $100,000, which is the upper limit of coverage available through the tortfeasor, Beryl Hall.

Dennis Sibley was the driver of a Brinks armored car at the time of the accident which caused his right hand and arm to go through the steering wheel causing a severe fracture and dislocation of the right wrist.

After an initial evaluation at Mercy Hospital in Portland, he was transported to Central Maine Medical Center in Lewiston, where an orthopedic surgeon performed a closed reduction to repair the fracture. This procedure proved unsuccessful and Mr. Sibley underwent further surgery several days later.

After the second surgery, his right arm was in a cast and sling and he had four metal pins protruding from his wrist. He experienced substantial pain and discomfort which gradually subsided. The pins were later removed and he began a period of intensive physical therapy and returned to work part-time for light duty in January of 1996. By June of 1996, Mr. Sibley had progressed sufficiently that he returned to work full-time without restriction. Even though Sibley had by then reached a maximum medical result he had significant permanent impairment to the wrist limiting his use of his hand and arm.

The impairment to the wrist caused Sibley to adjust the way he performed his work duties by learning to shoot his weapon and to carry very heavy bags and boxes of coins weighing up to 50 pounds with his left hand and arm. During the recovery period he experienced substantial difficulty in sleeping.

Sibley has had to adjust and curtail his favorite pastime of archery with his wheelchair bound brother, and has had to rely upon his wife to perform many household tasks that he usually performed. When he does perform various work chores around the home he "knows about it" that night with increased pain, aches, and discomfort to his wrist, arm, and shoulder.

It is agreed by the medical testimony for both plaintiff and defendant that he has significant permanent impairment. Even though he has adapted fairly well, he will have notable limits to the functioning of the hand and wrist. The parties disagree as to the extent of the impairment; however, the court finds that it is unnecessary to quantify the degree of permanency by percentage. What is

2

important, is that it is virtually certain that over time he will develop arthritis and have increased pain with a lessening of strength and use of the wrist.

It is more likely than not that further surgery will be necessary as the pain increases. Although the performance of an arthrodesis will lessen and probably eliminate the pain, it will fuse the wrist and prevent substantially all wrist movement and function. This will increase his degree of impairment.

Although Mr. Sibley testified that the injury did not have an adverse effect upon the parties' marriage or physical relationship, at least from his perspective, Mrs. Sibley testified, and the court finds, that the injury to Dennis made it necessary for her to perform many extra household duties and tasks that usually were assumed by Dennis. In addition, they were unable to do many things together as husband and wife as they had throughout their marriage including keeping up with holiday traditions.

The defendant urges the court to dismiss Joanne's claim for loss of consortium because the marriage has survived intact, that they did not have to go to counselling, and there was no adverse effects on their sexual relationship.

Loss of consortium is more than keeping a marriage together and the continuation of marital sexual relations. It includes the right of each spouse to the company and companionship, cooperation, services and aid of the other. Service includes the performance of labor as well as aid and assistance of in all the relations of domestic life. *See consortium*, BLACK'S LAW DICTIONARY (4th ed.). Mrs. Sibley is entitled to compensation for her loss of her husband's consortium, especially during

3

the initial period of his recovery.

As a result of the injury caused by the negligence of the underinsured driver, Beryl Hall, Mr. Sibley incurred medical expenses of $12,672.83 and lost wages of $12,737.67. He is entitled to damages for past and future pain and suffering, the loss of enjoyment of life, and the anxiety and mental anguish that is attendant with any serious bodily injury requiring surgery and an extended period of recovery with an uncertain future. A damages award in this case must also include compensation for the permanent impairment.

Having considered all of the evidence presented by plaintiffs and the defendant, the court instructs the clerk pursuant to M.R. Civ. P. 79(a) to enter judgment as follows:

1. Judgment for plaintiff Dennis Sibley against defendant Government Employees Insurance Company in the amount of $168,670.20.

2. Judgment for plaintiff Joanne Sibley against defendant Government Employees Insurance Company in the amount of $4,500.00.

3. By agreement, the defendant is entitled to a credit of $100,000.00 as applied to the total judgment for both plaintiffs.

4. Plaintiffs are awarded costs and interest pursuant to statute and rule. Interest is applicable only to the net amount of the judgment.

So ordered.

DATED: May 12, 2000

Thomas E. Delahanty II
Justice, Superior Court

4

Date Filed _March 19, 1999_ ___ANDROSCOGGIN___ Docket No. __CV-99-56__
County

Action ___PERSONAL INJURY___
    (Change of Venue from Cumberland)

DENNIS SIBLEY and JOANNE SIBLEY      GOVERNMENT EMPLOYEES INSURANCE COMPANY
Mechanic Falls, Maine      Woodbury, New York

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael J. Welch, Esq.     BAR #3182 | James C. Hunt, Esq. |
| HARDY WOLF & DOWNING, P.A. | ROBINSON KRIGER & MCCALLUM |
| 186 Lisbon St., P.O. Box 3065 | Twelve Portland Pier, P.O. Box 568 |
| Lewiston, ME 04243-3056 | Portland, ME 04112-0568 |

**DONALD L. GARBRECHT**
**LAW LIBRARY**

**MAY 26 2000**

| Date of Entry | |
|---|---|
| **1999** **March 31:** | Received 3-19-99. Certified Copy of Order dated 3-16-99.(Cole, J.) The request for the above-captioned action to be moved from Cumberland County Superior Court to Androscoggin County Superior Court is hereby granted. (CV-99-105) |
| " " | Recevied 3-19-99. Entire original file including certified copy of docket entries from Cumberlan County Superior Court received and filed. |
| April 6: | Received 4-6-99. Expedited Pretrial Order, filed. (Crowley, J.) Expedited Pretrial Order filed. Discovery to be closed by October 31, 1999. The case will be placed on the non-jury trial list 30 days after close of discovery. This Order is incorporated into the docket by reference at the specific direction of the court. Copies mailed Michael Welch, Esq. and James Hunt, Esq. on 4-6-99. |
| May 10: | Received 5-7-99. Plaintiffs' Notification of Discovery Service, filed. Plaintiffs' First Request for Production of Documents; and Interrogatories Propounded by the Plaintiff served on James C. Hunt, Esq. on 5-5-99. |
| May 24: | Received 5-24-99. Defendant's Notification of Discovery Service, filed. Defendant's Response to Plaintiff's Request for Production of Documents serve on Michael Welch, Esq. on May 20, 1999. |
| June 7: | Received 6-7-99. Plaintiff's Notification of Discovery Service, filed. Plaintiffs' Designation of Expert Witnesses served on James C. Hunt, Esq. on 6-3-99. |
| June 17: | Received 6-17-99. Defendant's Notification of Discovery Service, filed. Defendant's Answers to Plaintiffs' Interrogatories served on Michael Welch, |