Argued and submitted May 10, 1982, reversed and remanded January 19, 1983

In the Matter of the Marriage of
## DHULST,
*Respondent,*
*and*
## DHULST,
*Appellant.*

(No. D8004-633238, CA A22479)

657 P2d 231

Warren C. Deras, Portland, argued the cause and filed the brief for appellant.

Nick Chaivoe, Portland, argued the cause for respondent. With him on the brief was James F. O'Rourke, Jr., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Husband appeals the denial of his motion to set aside a marriage dissolution decree after his default. The motion was based on lack of personal jurisdiction because of improper service of process and, in the alternative, on the fact that his default resulted from "mistake, inadvertence, surprise or excusable neglect" under former ORS 18.160 (*repealed by* Or Laws 1981, ch 898, § 53).[1] We reverse.

On April 23, 1980, wife filed a petition for dissolution of the marriage. After attempting to have husband personally served, wife filed a motion for service by publication. Wife's attorney filed the following affidavit in support of the motion.

"* * * * *

"I have made due and diligent search to locate defendant James E. Dhulst, including the following:

"1. In addition to the residence address of the parties, I have ascertained the address of defendant's parents; but the Civil Service Section of Multnomah County has been unable to serve defendant at either address; another process server, James D. Fox, has also attempted on several occasions to serve this defendant and advises me that when defendant has seen him, defendant has run for his car and drives off; or, to Mr. Fox's knowledge, defendant has been in the house but would not answer the door; Bob's Messenger Service has attempted also to serve said defendant but has been unsuccessful in effecting service;

"I am informed, believe, and therefore allege that defendant is within the State of Oregon and is concealing himself to avoid service of process.

"* * * * *"

The affidavit incorporated by reference wife's petition.

The trial court ordered service by publication and registered mail. The summons was published for four weeks beginning July 10, 1980. It stated that if husband failed to appear by August 9, 1980, a default would be entered against him. Husband did not appear, and on

---

[1] Relief from judgment based on "mistake, inadvertence, surprise or excusable neglect" is now authorized by ORCP 71B.

August 22, 1980, an order of default was entered. In September, 1980, husband obtained a copy of the summons for the first time.[2] On November 13, 1980, a hearing was held on wife's petition, and a decree of dissolution was entered. Husband had no notice of the hearing and did not appear. On February 13, 1981, husband filed motions to set aside the decree and to defend after judgment.

Husband's motion to vacate the default decree for lack of personal jurisdiction alleged that wife's affidavit in support of her motion for service by publication was insufficient under ORCP 7. This case raises two issues of first impression under the Oregon Rules of Civil Procedure: the sufficiency of an affidavit in support of a motion for service by publication and the legal effect of service by publication if the affidavit is insufficient.

These issues were well settled under former ORS 15.080 and 15.120 (*repealed by* Or Laws 1979, ch 284, § 199) and the cases interpreting them. Former ORS 15.080 required, in cases such as this, that the defendant be personally served or a copy of the summons and complaint be left at defendant's place of abode with any person over the age of 14 who resided there. Former ORS 15.120 provided that service by publication could be ordered in certain cases

"[w]hen service of the summons cannot be made as prescribed in ORS 15.080, and the defendant after due diligence cannot be found within the state, and that fact appears by affidavit to the satisfaction of the court. * * *"

In *Kintigh v. Elliott,* 280 Or 265, 570 P2d 659 (1977), the court addressed the sufficiency of an affidavit in support of service by publication under former ORS 15.120. The court applied the principles quoted below, found the affidavit insufficient and set aside the trial court's decree, because it lacked personal jurisdiction over the defendant.

"Several principles relating to the service of summons by publication are now axiomatic. The affidavit supporting the motion for service by publication is jurisdictional. * * * Service by publication of the summons in a local newspaper is a poor substitute for personal service, * * * and when

[2] Husband obtained a copy of wife's petition in May, 1980. Unlike the summons, however, the petition did not inform husband that his failure to appear within a certain time period would result in a default order against him.

the sufficiency of the affidavit is challenged by a direct attack, as in this case, the statutory requirements must be complied with strictly. * * *" (Citations omitted.) 280 Or at 269.

"* * * [T]he jurisdiction of the court to order the service of summons by publication must be based upon the facts contained in the affidavit submitted with the original motion for service by publication." 280 Or at 271 n 3.

■　ORCP 7, which now governs service of process, differs from former ORS 15.080 and 15.120 in two respects relevant here. Rule 7D(3)(a)(i) expanded the methods of service for most individual defendants that may be used without prior court approval.

"Upon an individual defendant, by personal service upon such defendant or an agent authorized by appointment or law to receive service of summons or, if defendant personally cannot be found at defendant's dwelling house or usual place of abode, then by substituted service or by office service upon such defendant or an agent authorized by appointment or law to receive service of summons."

Rule 7D(6)(a) changed the facts that the affidavit must contain to allow a court to order service by publication. A court may order a method of service different from the methods in Rule 7D(3)(a)(i), including service by publication, "[o]n motion upon a showing by affidavit that service cannot be made by any method otherwise specified in these rules. * * *"[3]

■　Despite the differences between former ORS 15.120 and Rule 7D(6)(a), the basic purpose of the affidavit under the former statute and new rule is the same: to provide the court with a factual basis to order service by publication. Therefore, the quoted principles from *Kintigh* apply here.

---

[3] ORCP 7D(6)(a) provides:

"On motion upon a showing by affidavit that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including but not limited to: publication of summons; mailing without publication to a specified post office address of defendant, return receipt requested, deliver to addressee only; or posting at specified locations. If service is ordered by any manner other than publication, the court may order a time for response."

■   The affidavit of wife's attorney clearly fails to comply with Rule 7D(6)(a). It addressed the reasons husband could not be personally served but was silent about the other types of service authorized by Rule 7D(3)(a)(i). Because the affidavit was insufficient, the trial court erred in ordering service by publication. Because service by publication was improper, the trial court lacked personal jurisdiction over husband. Therefore, husband's motion to set aside the decree should have been granted.

■   Wife argues that husband waived his objections to service by filing motions to defend after judgment and to set aside the judgment on the grounds of excusable neglect and by tendering a counterclaim and response to wife's petition in furtherance of the latter motion. Wife did not raise this argument at the hearings on husband's motions, so the trial court heard argument on, and decided the merits of, husband's objections to the service. Consequently, we will not consider wife's argument for the first time on appeal. *See Lantis v. Lantis,* 239 Or 126, 129, 396 P2d 755 (1964).

Reversed and remanded with instructions to set aside the decree. Costs to appellant.