537 A.2d 7

James E. KOLBE, II, Appellant,

v.

AEGIS INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 1, 1987.

Filed Dec. 28, 1987.

Reargument Denied Feb. 19, 1988.

540

James Naddeo, Clearfield, for appellant.

Darryl R. Slimak, State College, for appellee.

Before CIRILLO, President Judge, and JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal by the Plaintiff–Appellant arises from a judgment entered following an order by the lower court which sustained preliminary objections in the nature of a demurrer. In his suit, the Plaintiff sought a recovery pursuant to underinsured motorist provisions of a policy of insurance issued to him by the Defendant–Appellee.

In reviewing this appeal, we must accept as true all of the Plaintiff's well-pleaded averments of fact in his Complaint, as well as all inferences reasonably deducible therefrom. *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983); *Zelik v. Daily News Publishing Co.*, 288 Pa.Super. 277, 431 A.2d 1046 (1981). Our task is not difficult in the instant case, as

there appear to be no disputes regarding the salient facts. They show the following: On or about April 1, 1985, the Plaintiff purchased a policy of motorcycle insurance from the Defendant. On April 22, 1985, the Plaintiff was involved in an accident with another vehicle. Subsequently, Plaintiff, through his attorney, sought to recover a payment from the Defendant under the underinsured motorist provision of his policy for damages he had sustained in the aforesaid accident. The Defendant insurer responded that it had no liability under the underinsured motorist provision, and refused coverage. The Plaintiff thereafter negotiated a settlement of his claims against the other driver's insurer, for $25,000, the apparent limit of the liability coverage under that policy. A general release was executed in connection with that settlement on September 24, 1985.

The Plaintiff never sought the consent of the Defendant prior to entering into the aforesaid settlement.[1] The policy issued by the Defendant to the Plaintiff contained the following pertinent language, in the provisions dealing with underinsured coverage: "This coverage does not apply to bodily injury sustained by a person: ... If that person makes any settlement without our written consent."

On November 15, 1985, Plaintiff's attorney again requested payments from Defendant pursuant to the underinsured motorist clause, or, in the alternative, sought Defendant's consent to arbitration to resolve the issue, as mandated by the policy.[2] The Defendant refused to join in arbitration and this suit was filed.

1. This fact was brought out in the Defendant's Preliminary Objections, wherein it pleaded that the Plaintiff's Complaint failed to allege or attach a copy of Defendant's written consent to the settlement. The Plaintiff does not assert that such consent was sought or granted.

2. The arbitration section of the policy states:
   If we and an insured person disagree whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle, or we do not agree as to the amount of damages, either party may make written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs, and bear

The lower court sustained the Defendant's preliminary objections in the nature of a demurrer on the basis that the Plaintiff's failure to secure the insurer's consent to the settlement with the other driver was a breach of the insurance agreement, which excused the insurer from any liability for underinsured benefits under the policy. We disagree with that reasoning under the factual situation presented in the instant case.

The Defendant insurer was advised of the accident and the Plaintiff's underinsured coverage claim prior to the Plaintiff's settlement with the other driver. In response to that notice and request for coverage, the insurer disclaimed liability, and thus took the legal position that its policy coverage was not applicable to the Plaintiff's claim. Its conduct in that regard was buttressed by its refusal to enter into the arbitration procedure made mandatory by its own policy language. In the face of such conduct, it would be unreasonable to permit it to subsequently rely on other contract provisions and conditions to avoid answering the claims of its insured based upon its own lack of consent. It would have obviously been an unavailing effort for the Plaintiff to have sought the Defendant's consent for the settlement when he had already been advised by the Defendant that it considered his policy coverage to be inapplicable.

In *Engle v. National Council, Junior Order United American Mechanics of the United States of North America, Beneficiary Degree*, 133 Pa.Super. 149, 1 A.2d 798 (1938), our Court stated:

> It is a well-established rule that a contracting party by his conduct may render inoperative conditions of the contract on which he might otherwise insist. Thus, it has been held that a provision requiring the filing of proofs of loss is waived where a denial of liability has been made. So

the expenses of the third arbitrator equally. Unless both parties agree otherwise, arbitration will take place in the county and state in which the insured person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

also a denial of liability renders ineffective a clause requiring the insured to wait a certain period before bringing suit.

That rule and reasoning are directly applicable in the circumstances of the instant case. We cannot condone the action of the Defendant in first denying the applicability of its policy and thereafter relying upon a consent requirement in the same policy to defeat a coverage claim. In reaching this conclusion we are also mindful of the principle that a party to a contract may not complain of a breach caused by his own default. See *Byrne v. Kanig*, 231 Pa.Super. 531, 332 A.2d 472 (1975).[3]

Although there appears to be no prior Pennsylvania appellate decision exactly on point to the issues raised in this case, we cite, with approval, the reasoning and conclusions of the Supreme Court of Maine in the directly analogous case of *Bazinet v. Concord General Mutual Insurance Company*, Me., 513 A.2d 279 (1986). There, the Court rejected an insurer's attempt to defend an underinsured motorist claim based upon a "no consent to settlement" clause, on the basis that the insurer's prior denial of the claim precluded it from subsequently relying upon the consent to settlement requirements of the policy. The Maine Court applied the same reasoning we have adopted in this case and rejected arguments similar to those offered by the Appellee on this appeal.

Accordingly, we find that the lower court erred in sustaining the Appellant's preliminary objections in the nature of a demurrer.

3. We reject Appellee's argument, based on several cases, that the Appellant's rights under the policy should be barred because of possible loss of contribution claims by the Appellee against the other driver as a result of the Appellant's execution of a release which would arguably cover such claims by his insurer. The Appellee should have recognized that such a settlement would eventuate when it initially denied coverage on the policy to the Appellant. It has not suggested any legal or other justification for that initial denial to our Court or the lower court. In any event, its conduct nullified any subsequent consent or notice requirements of the policy in the context of this case.

The judgment of the lower court is reversed and this case is remanded for further proceedings. Jurisdiction is not retained.