Argued and submitted June 17, 1987, reversed and remanded with instructions to vacate judgment January 13, 1988

DORSEY,
*Respondent,*

*v.*

GREGG,
*Appellant.*

(85-91071; CA A41252)

748 P2d 154

Charles S. Spinner, Eugene, argued the cause and filed the brief for appellant.

Kurtis M. Lombard, Eugene, argued the cause for respondent. With him on the brief was Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant seeks vacation of a default judgment, contending that the trial court lacked jurisdiction over him. We reverse.

Plaintiff's complaint was filed on December 5, 1985. Defendant, a student of the University of Oregon, lived in Eugene. He was a member of a fraternity but did not reside at the fraternity house. Personal service was attempted at the fraternity house from December 29 through February 18, 1986. No attempt was made to serve defendant at his residence even though his address was available from the university. On March 4, the trial court granted plaintiff's motion for alternative service. The motion was supported by the affidavit of Hoyt, which states:

"I am an employee of Barristers' Aid, Inc., a civil process service corporation engaged in delivery of documents among attorneys and in serving civil process in the Lane County area. From on or about December 29, 1985, and February 18, 1986, I have made numerous attempts to serve the Defendant, Joseph Gregg, at his fraternity. On various occasions I would call in advance and find that his vehicle was there, or that they expected him to eat dinner at the fraternity that evening. However, upon arriving there in the evening for purposes of serving Mr. Gregg, various individuals there would profess that he no longer resides at the fraternity, nor that he ever eats at the facility nor visits.

"It has become apparent to me and other individuals in our office who have attempted service upon Mr. Gregg, that the members of the fraternity are 'covering' for him, and are not cooperating in allowing us to learn his whereabouts at any given time.

"It is my opinion that, if service was made upon a member of the fraternity, due notice of that would be conveyed to Mr. Gregg from earlier statements of members that he remained in the Eugene-Springfield area, and attended fraternity house functions."

The trial court authorized service "upon a person in charge or other resident member present" at the fraternity and by certified mail, return receipt requested, addressed to defendant's father at a Beaverton address.

Defendant first contends that the trial court erred in

ordering the alternative service, because Hoyt's supporting affidavit was insufficient under ORCP 7D(6)(a). That rule provides, in relevant part:

"On motion upon *a showing by affidavit that service cannot be made by any method otherwise specified in these rules* or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including but not limited to: publication of summons; mailing without publication to a specified post office address of defendant, return receipt requested, deliver to addressee only; or posting at specified locations." (Emphasis supplied.)

In *Dhulst and Dhulst,* 61 Or App 383, 657 P2d 231 (1983), the trial court ordered alternative service on the husband by publication and registered mail. The supporting affidavit addressed the reasons why the husband could not be personally served, but it was silent about the other types of service authorized by ORCP 7D(3)(a)(i). We held that, because the affidavit was insufficient to support alternative service under ORCP 7D(6)(a), "the trial court [had] erred in ordering [the alternative service]. Because [the alternative service] was improper, the trial court lacked personal jurisdiction over [the] husband." The default decree against the husband was therefore set aside.[1]

Here, Hoyt's affidavit makes no mention of any attempt to locate and serve defendant at his "dwelling house or usual place of abode." ORCP 7D(3)(a)(i). It only details attempts to serve defendant at the fraternity house where he had not resided for at least a year before the filing of this action. As in *Dhulst and Dhulst, supra,* the affidavit fails to comply with the requirements of ORCP 7D(6)(a), and the trial court erred in ordering alternative service. The alternative service was therefore invalid, and the trial court lacked personal jurisdiction over defendant.

Reversed and remanded with instructions to vacate the judgment.

---

[1] We do not read *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985), to have overruled the holding in *Dhulst* on which we rely here.