Argued and submitted June 12, affirmed November 13, 1991

Gary Wayne STEMBRIDGE,
*Appellant,*

*v.*

WEST AMERICAN
INSURANCE COMPANY,
*Respondent,*

*and*

Suzanne Ruth DUDEK,
*Defendant.*

(90 CV 0859 CC; CA A68064)

823 P2d 418

Eldon F. Caley, Roseburg, argued the cause for appellant. With him on the brief was Eldon F. Caley, Lawyer, P.C., Roseburg.

Joel De Vore, Eugene, argued the cause for respondent. With him on the brief were Louis L. Kurtz and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

Plaintiff sustained injuries in an automobile accident allegedly caused by the combined negligence of two tortfeasors, one insured and the other uninsured. Plaintiff had uninsured motorist (UM) insurance provided by defendant, West American Insurance Company (American). American's policy requires it to pay damages that plaintiff is legally entitled to recover from the operator of an uninsured motor vehicle. Plaintiff brought this action against the insured tortfeasor and joined American to determine his rights to UM benefits under the policy.

In a motion for partial summary judgment, American argued that, by bringing an action against the insured tortfeasor, plaintiff elected not to proceed against American on the policy. ORS 742.504(11)(c).[1] American also argued that plaintiff had failed to exhaust other sources of liability insurance as required by the policy. On the basis of the "election" provision of ORS 742.504(11)(c), the trial court granted American's motion. Plaintiff argues that the trial court erred, because his policy does not include the terms of ORS 742.504(11)(c). He urges us to enforce the policy as written.[2]

---

[1] ORS 742.504(11)(c) provides:

"In the event of payment to any person under this coverage:

"* * * * *

"(c) If the insured is injured by the joint or concurrent act or acts of two or more persons, one or more of whom is uninsured, the insured shall have the election to receive from the insurer any payment to which the insured would be entitled under this coverage by reason of the act or acts of the uninsured motorist, or the insured may, with the written consent of the insurer, proceed with legal action against any or all persons claimed to be liable to the insured for such injuries. If the insured elects to receive payment from the insurer under this coverage, then the insured shall hold in trust for the benefit of the insurer all rights of recovery which the insured shall have against any other person, firm or organization because of the damages which are the subject of claim made under this coverage, but only to the extent of the actual payment made by the insurer."

[2] Because plaintiff asks us to enforce the policy as written, we do not consider whether the policy violates or includes any of the provisions of Oregon's UM statutes. ORS 742.500 to ORS 742.506. Neither do we construe the meaning or effect of any statutory provision, including whether ORS 742.504(11)(c) provides for an election. Instead, we review the validity of the trial court's action only in the light of the policy's terms.

The policy provides, in relevant part:

"We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements."

Plaintiff contends that that "exhaustion" provision determines order of payment and does not preclude a joint action against the insured tortfeasor and American. Plaintiff is partly right.

The policy's exhaustion provision determines the order of payment. American is not obligated to pay UM benefits until plaintiff exhausts other liability bonds or policies. However, because American need not pay UM benefits until plaintiff exhausts other liability bonds or policies, its failure to pay benefits could not constitute a breach of the insurance contract before that exhaustion. Accordingly, even if plaintiff could file a joint action against the insured tortfeasor and American,[3] American was entitled to judgment as a matter of law, because it has not refused to pay plaintiff anything due him under the policy.

Affirmed.

---

[3] The parties did not argue, and we do not decide, whether defendants were properly joined under ORCP 28A or whether plaintiff failed to allege ultimate facts sufficient to constitute a claim against American. ORCP 21A.