Argued and submitted November 20, 1991, affirmed in part; reversed and remanded in part March 11, 1992

## COLONIAL PENN INSURANCE COMPANY,
*Appellant,*

*v.*

Eldon E. AERY,
dba E. A. Backhoe, and
Portland Mobile Home Park Limited Partnership,
*Respondents,*

*and*

Raymond CORMIER
and John Doe,
*Defendants.*

(9005-03028; CA A67498)

827 P2d 933

Timothy W. Grabe, Portland, argued the cause and filed the briefs for appellant.

Thomas Brown, Portland, argued the cause for respondent Portland Mobile Home Park Limited Partnership. With him on the brief were Michael C. Lewton and Cosgrave, Vergeer and Kester, Portland.

Bruce Mowery, Portland, argued the cause and filed the brief for respondent Eldon E. Aery, dba E. A. Backhoe.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals after the trial court granted defendants' ORCP 21 motions and entered judgments of dismissal.[1] We affirm in part and reverse in part.

Plaintiff filed a complaint against defendants that alleged these facts: Plaintiff's insured, Olafson, was a tenant in a mobile home park that was owned or managed by defendant Portland Mobile Home Park Limited Partnership (PMHPLP). At PMHPLP's direction, defendant Aery (Aery) removed a protective retaining wall that had been in front of Olafson's mobile home. An uninsured motorist lost control of his car and struck Olafson's home. She was inside at the time and suffered injuries as a result. Plaintiff paid her $30,000 in settlement of the claim under the terms of its uninsured motorist policy issued to her and instituted this action against defendants, alleging that it was subrogated to Olafson's rights against them. Aery moved to dismiss the complaint for failure to state a claim for relief. ORCP 21A(8). He argued that plaintiff's complaint did not allege the elements of common law indemnity. The court granted the motion.

■■ Aery and the trial court fail to distinguish between subrogation and common law indemnity claims.

> "Subrogation is the right of the insurer to be put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for a loss paid by the insurer." 16 *Couch On Insurance* 75, § 61.1 (2d ed 1983).

*See also United States F. & G. Co. v. Bramwell*, 108 Or 261, 217 P 332 (1923). On the other hand, common law indemnity is the right that inures to a tortfeasor who has discharged a duty to an injured party but that, as between that tortfeasor and another tortfeasor, should have been discharged in whole or in part by the other. *Fulton Ins. v. White Motor Corp.*, 261 Or 206, 493 P2d 138 (1972).

■ Plaintiff's claim is based on a contract of insurance between it and Olafson. It is not an effort by one tortfeasor to shift responsibility to another tortfeasor. Plaintiff alleged sufficient facts to give rise to a claim of subrogation, and the

---

[1] A judgment of dismissal was entered as to defendant Cormier. That judgment is not the subject of this appeal.

trial court erred in dismissing the complaint as to defendant Aery.

The trial court also granted PMHPLP's motion under ORCP 21A(2) for lack of personal jurisdiction. Initially, plaintiff mailed a cover letter by first class mail with a true copy of the summons and complaint to R. A. Porterfield, of Maxon Young and Associates, PMHPLP's insurer's casualty manager. After Porterfield failed to respond, plaintiff obtained a court order authorizing it to serve summons on PMHPLP and defendant Cormier, PMHPLP's general partner, by publication and to mail a copy of the summons and complaint to PMHPLP's and Cormier's last-known insurer. The order was issued on the basis of plaintiff's attorney's affidavit, which said:

> "I am unable to complete service of summons and complaint on [PMHPLP] and Raymond Cormier, its general partner, because the process server informed me on June 13, 1990, that Mr. Cormier moved three years ago from his previous address, 112 Pasatiempo Drive, Santa Cruz, California 95060, and the process server is unable to locate him. The Oregon Corporation Division states that Cormier was the general partner of said partnership, dissolved on December 8, 1987, and they gave me that address for Cormier. I have previously dealt with Mr. R. A. Porterfield, Casualty Manager, Maxon Young and Associates, Inc., 12655 S.W. Center Street, Suite 335 Beaverton, Oregon 97005. He identified himself as the insurance adjuster for said parties."

Pursuant to the order, plaintiff mailed a certified letter to Maxon Young and Associates, enclosing a true copy of the summons and complaint and the order allowing alternative service. Plaintiff thereafter published notice of the action in the Daily Journal of Commerce in Portland. After PMHPLP failed to respond, plaintiff obtained a default order against PMHPLP and Cormier. On PMHPLP's motion, the order was vacated. Then, PMHPLP moved to dismiss the complaint for lack of personal jurisdiction. The court granted the motion on the basis, among others, that the affidavit in support of the publication order was legally insufficient.

■ Plaintiff argues that its service of summons on PMHPLP was legally sufficient under ORCP 7. PMHPLP correctly points out that "[t]he threshold question is whether the order allowing alternative service of summons on [it] was

invalid." If the order was invalid, then the alternative service is invalid and the trial court lacked personal jurisdiction over PMHPLP. *Dorsey v. Gregg*, 89 Or App 194, 748 P2d 154 (1988); *Dhulst and Dhulst*, 61 Or App 383, 657 P2d 231 (1983).[2]

■ ■ To suffice under ORCP 7D(6)(a),[3] an affidavit in support of an order authorizing alternative service must address all types of service specified in ORCP, other rules and statutes. *Dorsey v. Gregg, supra*; *Dhulst and Dhulst, supra.* ORCP 7D(3)(b)[4] specifies that, in the case of a limited partnership that was not authorized to transact business in this state when the event on which the action is based occurred, service may be accomplished by mailing a copy of the summons and complaint to the principal office or place of business of the limited partnership. Plaintiff's affidavit makes no reference to any attempt to accomplish service in that manner. Accordingly, the affidavit is legally insufficient, and so

---

[2] Plaintiff argues that *Baker v. Foy*, 310 Or 221, 797 P2d 349 (1990), has impliedly overruled the holdings in *Dorsey* and *Dhulst*. *Baker v. Foy, supra,* is inapposite. It establishes a scheme for determining the sufficiency of service under ORCP 7. It does not concern the sufficiency of an affidavit that is the predicate for an order for service by publication.

[3] ORCP 7D(6)(a) provides, in part:

"On motion upon a showing by affidavit that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action * * *."

[4] ORCP 7D(3)(b) provides for the manner of service on a limited partnership:

"(i) Primary Service Method. By personal service or office service upon a registered agent, officer, director, general partner, or managing agent of * * * the limited partnership, or by personal service upon any clerk on duty in the office of the registered agent.

"(ii) Alternatives. If a registered agent, officer, director, general partner, or managing agent cannot be found in the county where the action is filed, the summons may be served: by substitute service upon such registered agent, officer, director, general partner, or managing agent; by personal service on any clerk or agent of the * * * limited partnership who may be found in the county where the action is filed; or by mailing a copy of the summons and complaint to the office of the registered agent or the last registered agent or the last registered office of * * * the limited partnership, if any, as shown by the records on file in the office of the Corporation Commissioner * * * or, *if the * * * limited partnership is not authorized to transact business in this state at the time of the transaction, event, or occurrence upon which the action is based occurred, to the principal office or place of business of the * * * limited partnership, and in any case the use of which the plaintiff knows or, on the basis of reasonable inquiry has reason to believe is most likely to result in actual notice.*" (Emphasis supplied.)

the order and the alternative service were invalid. The court did not err in dismissing the complaint as to PMHPLP for lack of personal jurisdiction.

■ Plaintiff also assigns as error the denial of its motion to set aside the judgment of dismissal because of the purported failure to comply with Multnomah County Supplemental Local Rule 5.025(a).[5] Because the court lacked personal jurisdiction over PMHPLP, any procedural error in rendering a judgment in its favor was harmless. Plaintiff's other arguments do not merit discussion.

Affirmed as to Portland Mobile Home Park Limited Partnership; reversed and remanded as to Eldon E. Aery.

---

[5] Multnomah County Supplemental Local Rule 5.025(2) provides that a proposed order regarding an announced ruling submitted to the court must be served on opposing counsel not less than 3 days before its submission to the court.