Argued and submitted December 13, 1993, reversed and remanded with instructions
April 20, 1994

THE ESTATE OF SALMA S. SERANG,
through its Personal Representative
Lauree Milkovich,
*Respondent,*

*v.*

AMERICAN STATES INSURANCE COMPANY,
an insurance corporation registered within
the State of Oregon,
*Appellant.*

(92-CV1099; CA A78512)

873 P2d 367

Lisa M. Shickich argued the cause for appellant. With her on the briefs was Arnold, Gallagher, Saydack, Percell & Roberts.

D. Ronald Gerber filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

RIGGS, J.

---

* Haselton, J., *vice* Durham, J.

## RIGGS, J.

Plaintiff, an estate, brought an action against defendant, an insurance company, to compel arbitration of an uninsured motorist claim. Both parties moved for summary judgment. The trial court granted plaintiff's motion and entered a judgment requiring arbitration. Defendant appeals, assigning error to the granting of plaintiff's motion for summary judgment and to the denial of its motion. We reverse.

The facts are undisputed. A phantom vehicle blocked the decedent's view of a log truck, which struck the decedent's car and killed her. The log truck was covered by a $1,000,000 liability insurance policy. Plaintiff settled its claim against the owner of the log truck for $70,000.[1] Plaintiff then demanded uninsured motorist coverage, arguing that the driver of the phantom vehicle was also responsible for the accident. Defendant refused the demand because plaintiff did not comply with a requirement that it exhaust the log truck's liability coverage.

Plaintiff brought this action to compel arbitration. Defendant replied that it was not required to arbitrate the claim because the exhaustion requirement had not been satisfied and, therefore, it was not liable under the policy. In its motion for summary judgment, plaintiff argued that the exhaustion requirement applied only to the phantom vehicle or, alternatively, that the clause was void as against public policy. Defendant filed a cross-motion for summary judgment. That motion asserted that the exhaustion requirement was enforceable against plaintiff as to both the log truck and the phantom vehicle. The trial court granted plaintiff's motion.

■■ This case turns on the construction of an insurance policy, which is a question of law. *Hoffman Construction Co. v. Fred S. James and Co.*, 313 Or 464, 469, 836 P2d 703 (1992). The exhaustion requirement in the policy provides:

> "If this insurance provides a limit in excess of the amounts required by the applicable law where a covered auto

---

[1] Plaintiff's settlement with the owner of the log truck cut off defendant's subrogation rights.

is principally garaged, we will pay [uninsured motorist benefits] only after all liability bonds or policies have been exhausted by judgments or payments."

Defendant argues that plaintiff's failure to exhaust the log truck's liability policy relieves defendant of liability for uninsured motorist benefits. We accepted a similar argument in *Stembridge v. West American Ins. Co.*, 109 Or App 552, 823 P2d 418 (1991). Plaintiff attempts to distinguish *Stembridge* because the policy in *Stembridge* did not have language limiting the exhaustion provision to policies which "provide a limit in excess of the amounts required by the applicable law." That distinction is irrelevant. We are persuaded that uninsured motorist benefits were not payable under the decedent's policy until the policies of any other tortfeasors were exhausted.

■     Plaintiff next asserts that the exhaustion requirement violates Oregon's uninsured motorist statutes because it conflicts with ORS 742.504(11)(c). That statute permits an injured person to elect to proceed first under uninsured/underinsured benefits or to proceed first against all liable parties, if it has the insurer's written consent. Plaintiff argues that the exhaustion requirement does not permit an injured party to proceed first under the uninsured/underinsured benefits. Because plaintiff did not elect to proceed first under the uninsured/underinsured benefits, any conflict between ORS 742.504(11)(c) and the exhaustion requirement is irrelevant to the outcome of this case.

Plaintiff makes other arguments which do not require discussion.

Reversed and remanded with instructions to enter judgment in favor of defendant.