Argued and submitted October 15, 1993, reversed and remanded in part; affirmed in part February 15, petition for review denied August 22, 1995 (321 Or 512)

## FEDERATED SERVICE INSURANCE COMPANY, a Minnesota corporation, *Respondent,*

*v.*

## Evadio GRANADOS and Mary Granados, *Appellants.*

### (9207-04515; CA A77342)

889 P2d 1312

Patrick N. Rothwell argued the cause for appellants. With him on the briefs was Hallmark, Keating & Abbott, P.C.

I. Franklin Hunsaker argued the cause for respondent. With him on the brief were Ronald E. Bailey, Ronald J. Clark and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendants appeal from a summary judgment for plaintiff Federated Service Insurance Co. (FSI), which brought this action seeking a declaration that defendants are not entitled to underinsured motorist coverage (UIM). We reverse and remand in part and affirm in part.

We take the facts from the summary judgment record and view the evidence in the light most favorable to the party opposing the motion. *Tolbert v. First National Bank,* 312 Or 485, 494, 823 P2d 965 (1991). To prevail on its summary judgment motion, FSI must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation,* 284 Or 695, 700, 588 P2d 1100 (1978).

Defendants were involved in an accident while test driving a truck belonging to Carner Chevrolet (Carner), an automobile dealer. Later, defendants asked Carner to provide the name of its insurance company. Carner refused. Defendants then asked the Oregon Motor Vehicles Division (MVD) to provide information about Carner's insurer. MVD provided information about a company that issued a surety bond to Carner. Defendants made a demand on that company for UIM benefits, but the company informed them that it was not an insurer. In the meantime, defendants settled claims they had asserted against the tortfeasor and his insurance carrier. Defendant Evadio Granados settled for the policy limits. Defendant Mary Granados settled for less than the policy limits.

A few weeks later, defendants learned that FSI was Carner's insurer and asserted UIM claims against it. After investigating those claims, FSI brought this action, seeking a declaration that, under the insurance contract between it and Carner, defendants were not entitled to UIM benefits, because they did not seek its consent before settling and because Mary Granados did not exhaust the available liability insurance covering the tortfeasor. Later, FSI moved for summary judgment and the trial court granted the motion.

Defendants assign error to the trial court's granting of the motion for summary judgment, arguing that there are disputed issues of material fact. We first address whether

defendants were precluded from seeking UIM benefits because they settled without FSI's consent.[1]

The insurance contract provides, in pertinent part:

"C. EXCLUSIONS

"This insurance does not apply to any of the following:

"1. Any claim settled without our consent * * *."

Defendants admitted that they did not obtain FSI's consent before settling their claims against the tortfeasor. They argue, however, that the consent-to-settle provision in paragraph C. of the insurance contract is, actually, a *condition* of coverage, not an exclusion. FSI asserts that the insurance contract unambiguously excludes coverage.

The construction of the insurance contract is a question of law. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 470, 836 P2d 703 (1992). As a preliminary matter, we conclude that the consent-to-settle provision is a condition of forfeiture. An exclusion relates to the scope of coverage, while a condition of forfeiture exists if "there is insurance coverage for the loss in the first place, but acts of the insured nullify the coverage * * *." *ABCD...Vision v. Fireman's Fund Ins. Companies*, 304 Or 301, 307, 744 P2d 998 (1987).[2] Here, the insurance contract provides UIM coverage. However, under the consent-to-settle provision, that coverage is lost if the insured fails to obtain the insurer's consent before settling a claim. Accordingly, the consent-to-settle provision is a condition of forfeiture, not an exclusion of coverage.[3]

---

[1] Defendants do not dispute that they were required to comply with all of the terms and conditions of that contract.

[2] FSI argues that, because defendants submitted their claims to it *after* they had settled with the tortfeasor, that claim never came within the scope of FSI's insurance contract with Carner. It is evident from the Supreme Court's analysis in *ABCD...Vision v. Fireman's Fund Ins. Companies, supra*, that the relevant inquiry is whether there is coverage at the time of a particular loss, not the timing of the insured's claim for that loss.

[3] Although the issue in *ABCD...Vision v. Fireman's Fund Ins. Companies, supra*, was whether the insurer was estopped from asserting two policy provisions as defenses to the claimed damages of the insured, we conclude that the Supreme Court's analysis of the difference between conditions of forfeiture and exclusions of coverage is applicable here.

■   Defendants argue, citing *Lusch v. Aetna Cas. & Surety Co.*, 272 Or 593, 538 P2d 902 (1972), that to prevail on a "condition of forfeiture" defense, FSI was required to show, first, that defendants' failure to comply with the consent-to-settle provision prejudiced FSI. Next, defendants assert that, if their conduct prejudiced FSI, then *Lusch* nevertheless excuses the breach if defendants' failure to obtain consent was reasonable. We agree that the analysis in *Lusch* is instructive.

In *Lusch*, the plaintiff had an accident while driving a friend's car. The insurance contract required the plaintiff to notify the insurer about the accident "as soon as practicable." However, he waited about one month before giving that notice. The insurer denied coverage, and the plaintiff unsuccessfully sought a judgment declaring entitlement to coverage. The Supreme Court reversed and said:

> "[T]he first inquiry should be whether the notice of accident was received in time for the insurer to make a reasonable investigation and adequately protect its interest and that of the insured. Stated conversely, the first inquiry should be whether the insurer was prejudiced by the insured's failure to give earlier notice of the accident.
>
> "If notice from any source was sufficiently timely so that the insurer could adequately investigate and protect itself, thereby suffering no prejudice, the insurer is bound to fulfill its policy obligations. Whether the insured acted reasonably is immaterial.
>
> "However, if the insurer could not adequately investigate or otherwise protect itself, thereby suffering prejudice, then the relevant inquiry is whether the insured acted reasonably in failing to give notice at an earlier time. If the insured did act reasonably, the insurer is obligated to perform." 272 Or at 599.

We conclude that the *inquiries* in *Lusch* are applicable to the breach of a consent-to-settle provision. The first inquiry is whether the insurer was prejudiced by the claimant's conduct. If so, the second inquiry is whether the claimant nevertheless acted reasonably in breaching the consent-to-settle provision.[4]

---

[4] For example, an insured may act reasonably in breaching a consent-to-settle provision if the insurer unreasonably either withholds consent or denies the

Here, claimants' breach of the consent-to-settle provision caused FSI to lose its right to subrogation against the tortfeasor. *See Colonial Penn Ins. Co. v. Aery*, 112 Or App 87, 89, 827 P2d 933 (1992); 12A *Couch on Insurance 2d* § 45:645 (rev ed 1981 and supp 1994). Without its subrogation rights, FSI lost a cause of action against the tortfeasor. That provides at least some evidence of prejudice. *See Ridenour v. Lewis*, 121 Or App 416, 419, 854 P2d 1005 (1993). However, there is other evidence in the summary judgment record from which we could infer that defendants' breach of the consent-to-settle provision did not prejudice FSI.

Defendants' attorney averred:

> "[I]n reviewing my file, I found correspondence from [the tortfeasor's insurance] adjuster * * * that [the tortfeasor] has little or no assets."

A tortfeasor with little or no assets is not necessarily "judgment proof," because a judgment may be collectible from the judgment debtor's prospective assets, including wages. Similarly, the judgment may have assignable value. *Ridenour v. Lewis, supra*, 121 Or App at 419. However, we conclude that defendants' evidence raises an inference that the tortfeasor was, in fact, judgment proof. If the tortfeasor is judgment proof, defendants' breach of the consent-to-settle provision would not have prejudiced FSI. *See, e.g., Southeastern Fidelity Ins. Co. v. Earnest*, 395 So 2d 230, 231 (Fla App 1981); *Bantz v. Mutual of Enumclaw Ins.*, 124 Idaho 780, 864 P2d 618 (1993); *Kapadia v. Preferred Risk Mut. Ins. Co.*, 418 NW2d 848 (Iowa 1988); *Tegtmeyer v. Snellen*, 791 SW2d 737 (Mo App 1990); *Muir v. Hartford Acc. & Indem. Co.*, 147 Vt 590, 522 A2d 236 (1987).

Accordingly, we conclude that there is a genuine issue of material fact about whether plaintiffs' breach of the consent-to-settle provision prejudiced FSI. It was error for the trial court to grant summary judgment on the basis of defendants' breach of the consent-to-settle provision.

■ Next, we consider whether the trial court's summary judgment against Mary Granados (Granados) was nonetheless correct on the alternative ground that she did not exhaust

---

insured's claim. *See, e.g., Kolbe v. Aegis Ins. Co.*, 370 Pa Super Ct 539, 537 A2d 7 (1987).

the liability insurance available under the tortfeasor's insurance policy. Granados contends that, if the pertinent language of the insurance contract is unambiguous, it is more restrictive than the coverage mandated by ORS 742.504[5] and is unenforceable. She did not argue that theory below and we will not consider it. *Millers Mut. Fire Ins. Co. v. Wildish Const. Co.*, 306 Or 102, 107, 758 P2d 836 (1988).

Next, Granados argues that the applicable provision of the contract is ambiguous and did not require her to exhaust the available liability limits of the tortfeasor's policy before claiming UIM benefits. FSI asserts that the insurance contract unambiguously requires it to pay UIM benefits only if the tortfeasor is underinsured.

The insurance contract provides, in part:

"An underinsured motor vehicle is a motor vehicle or trailer for which a liability bond or policy applies at the time of the 'accident,' but the amount paid for the 'bodily injury' under that bond or policy to an 'insured' is not enough to pay the full amount the 'insured' is legally entitled to recover as damages[.]"

It also provides, in part:

"2. If this insurance provides a limit in excess of the amounts required by the applicable law where a covered 'auto' is principally garaged, we will pay only after all liability bonds or policies have been exhausted by judgments or payments."

Granados contends that, in context, paragraph 2 is ambiguous, because it does not *expressly* provide that "the limits of the adverse carrier must be obtained before an underinsured claim can be presented." She asserts that she settled for less than she was "legally entitled to recover," and that, therefore, it is immaterial whether she exhausted the tortfeasor's policy limits.

We do not agree that the *absence* of specific language referring to policy limits in paragraph 2 creates an ambiguity. We construed language identical to paragraph 2 in *Estate of*

---

[5] ORS 742.504 provides, in part:

"Every policy * * * shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy."

*Salma S. Serang v. Amer. States Ins. Co.*, 127 Or App 405, 873 P2d 367 (1994). There, a phantom vehicle blocked the decedent's view of a log truck, which struck her car and killed her. The plaintiff, decedent's estate, settled its claim against the owner of the log truck for less than the policy limits. The estate then demanded uninsured motorist coverage, contending that the driver of the phantom vehicle was also responsible for the accident. We held that "uninsured motorist benefits were not payable under the decedent's policy until the policies of any other tortfeasors were exhausted." 127 Or App at 408. *See also Stembridge v. West American Ins. Co.*, 109 Or App 552, 823 P2d 418 (1991).

■ Here, the parties do not dispute that Granados settled for less than the tortfeasor's liability limits. Granados argues that FSI waived its ability to rely on the exhaustion provision. She also contends that the policy language is less favorable than the coverage mandated by ORS 742.504 and is, therefore unenforceable. Because she makes those arguments for the first time on appeal, we need not consider them. *Millers Mut. First Ins. Co. v. Wildish Const. Co., supra*, 306 Or at 107.[6] We conclude that Granados was not entitled to UIM benefits under the exhaustion provision of the insurance contract.

Although we have concluded that there is an issue of material fact about whether defendants' failure to obtain FSI's consent to settle with the tortfeasor prejudiced FSI, Mary Granados is not entitled to UIM, regardless of the resolution of that factual issue. The trial court did not err in granting summary judgment against her.

Judgment against defendant Evadio Granados reversed and remanded; judgment against defendant Mary Granados affirmed.

---

[6] Granados pleaded estoppel as an affirmative defense. On appeal, she argued that she pleaded and argued "ultimate facts giving rise to the legal conclusion of waiver." The terms "estoppel" and "waiver," as applied to the law of insurance contracts, are distinct. *Kabban v. Mackin*, 104 Or App 422, 429, 801 P2d 883 (1990). Waiver is the intentional relinquishment of a known right. *Great American Ins. v. General Ins.*, 257 Or 62, 72, 475 P2d 415 (1970). There are no facts in Granados' affirmative defense of estoppel from which we could conclude that FSI waived its ability to rely on the exhaustion provision to deny Granados UIM benefits.